

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 19, 2007**            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Weeter Sanders Williams, | § | Case No. 05-47644-DML-13 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION

Before the court are (1) Debtor's proposed modification (the "Modification") to his chapter 13 plan (the "Plan") that was confirmed on October 11, 2006, (2) Debtor's amended schedule C (the "C Schedule"), by which Debtor seeks to elect the Texas scheme of exemptions in lieu of his original exemptions under section 522(b)(2) and (d) of the Bankruptcy Code (the "Code")[1] and (3) the objection of the chapter 13 trustee (the "Trustee") to the Modification and the C Schedule.

The court has received briefs from Debtor and the Trustee – there is no dispute respecting the facts. The court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a)

---

[1] 11 U.S.C. §§ 101 et seq.

MEMORANDUM OPINION - Page 1

and 157(b)(2)(A), (L) and (O). This memorandum opinion embodies the court's findings and conclusions. Fed. R. Bankr. P. 7052 and 9014.

## I. Background

This case was commenced on August 1, 2005. On his original schedules, Debtor included a homestead having a value of $50,000 and subject to indebtedness of more than $51,000. Debtor elected the federal exemption scheme pursuant to Code § 522(b)(2); Debtor exercised his right to exempt up to $18,450 of homestead value under section 522(d)(1) of the Code.[2] At his creditor's meeting conducted pursuant to Code § 341, however, Debtor testified that his homestead was carried on the tax rolls at a value of $88,200. As a result, Debtor subsequently amended his schedules to reflect that value for his homestead, but he left his exemptions unchanged.

Under the Plan, Debtor initially proposed to make payments totaling $19,200, providing a return of about 1% to unsecured creditors. Because federal exemption law covered only $18,450 of Debtor's equity in his homestead, the Trustee objected to confirmation on the basis that creditors would receive a better recovery in chapter 7 from the excess homestead equity than would be paid under the Plan. *See* section 1325(a)(4) of the Code. Thereafter Debtor amended the Plan to provide for an additional $18,135 in payments to account for the homestead equity in excess of the claimed exemption, and, by agreement, the Trustee withdrew his objection and the Plan was confirmed.

Now, through the Modification and the C Schedule, Debtor seeks to (1) change his exemptions to state law exemptions, which would cover the entire equity in his homestead and

---

[2] The section was renumbered thus in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which became effective for cases filed after October 17, 2005. Prior to that date, the section was 522(b)(1). As BAPCPA did not change the substance of the provision, the court will use the current designation.

**MEMORANDUM OPINION - Page 2**

(2) modify the Plan to reduce total payments to $20,032, which would result in no recovery by his unsecured creditors. The Trustee objects on various bases to Debtor's claim of exemptions and the Modification.

## II. Discussion

The court concludes the Trustee's objection must be sustained. A debtor's schedule C effects a claim of exemptions. Fed. R. Bankr. P. 4002(a) ("Claim of Exemptions. A debtor shall list the property claimed as exempt . . . on the schedule of assets . . . ."). Debtor did not claim exemptions under state law prior to confirmation of the Plan, though he could have done so. Given that the Trustee objected to confirmation of the Plan on the basis of Debtor's failure to provide his creditors with the non-exempted portion of the equity in his homestead, Debtor should have addressed the exemption question prior to confirmation.

The law is clear that an issue that could have or should have been raised in connection with confirmation of a plan is res judicata by virtue of the confirmation order. *See Eubanks v. F.D.I.C.*, 977 F.2d 166, 173 (5th Cir. 1992); *Matter of Howe*, 913 F. 2d 1138, 1143 (5th Cir. 1990) ("The law in this circuit is well settled that a plan is binding upon all parties once it is confirmed and all questions that could have been raised *pertaining to such plan* are res judicata." (emphasis in original)); *Republic Supply Co. v. Shoaf*, 815 F. 2d 1046 (5th Cir. 1987). Although these cases are chapter 11 cases, the doctrine of res judicata applies equally with respect to orders confirming chapter 13 plans. *See In re Chappell*, 984 F.2d 775, 781 (7th Cir. 1993) (citing *In re Gregory*, 705 F.2d 1118, 1121 (9th Cir. 1983)); *In re Rincon*, 133 B.R. 594, 596 (Bankr. N.D. Tex. 1991)**.**

Debtor argues that schedules may be amended by a debtor at any time absent bad faith. Accepting that proposition, the C Schedule did more than simply disclose assets or liabilities. It effected a claim of entitlement to an exemption. Issue had previously been joined by the Trustee

**MEMORANDUM OPINION - Page 3**

respecting that which Debtor now seeks to exempt. That issue was resolved by confirmation of the Plan, and it cannot now be revisited.

### III. Conclusion

For the foregoing reasons, Debtor's claim of exemption of the entire equity in his homestead must be denied and the Trustee's objection to same sustained. Because Debtor may not now exempt the excess equity in his homestead, the Modification would result in the Plan not meeting the requirement of Code § 1325(a)(4) that unsecured creditors would receive as must under the Plan as in a liquidation. The Modification must therefore be denied as well.

The Trustee is directed to prepare and present an order sustaining his objections consistent with this opinion.

# # # # END OF ORDER # # # #